```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JACQUELINE MCLEAN,              )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 05-11345-WGY
                                )
MICHAEL MEKONNEN,               )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff Jacqueline McLean's Application to Proceed Without Prepayment of Fees is denied without prejudice; (2) if plaintiff Mclean files a new Application, she is directed to also demonstrate (a) good cause why this action should not be dismissed for the reasons stated below and (b) good cause why she should not be enjoined from filing further actions without leave of court; and (3) the clerk shall correct the case caption to list plaintiff Mclean as the sole plaintiff.

FACTS

On June 17, 2005, plaintiff Jacqueline Mclean,[1] a resident

---

[1] The Court's records indicate that Ms. Mclean has brought several previous actions in this Court under the name Jacqueline M. Brewington. Brewington v. Green, et al., C.A. No. 05-10935-REK (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Shulman, et al., C.A. 05-10934-WGY (show cause order issued May 10, 2005), appeal docketed, No. 05-2007 (1st Cir. Jul. 7, 2005); Brewington v. Francois, et al., C.A. 05-10920-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Coleman, C.A. 05-10919-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Grotelueschen, et al., C.A. No. 04-10609-MEL (dismissed under § 1915); Brewington v. Coleman, et al., C.A. No. 04-105998-MEL

of Boston,[2] filed an application to proceed in forma pauperis and a complaint on behalf of herself and William Sneed, also a resident of Boston. The complaint, brought pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), names plaintiffs' former landlord as defendant and alleges that in April 2004, she and Mr. Sneed were locked out of their apartment by defendant who failed to return her last month's rent and security deposit. Plaintiff references an action brought in state court by Mr. Mekonnen at that time and assigned Nos. 200414SU000201 and 0413SC1289. Plaintiff seeks monetary damages in the amount of $7,500.

## DISCUSSION

### I. Plaintiff's Fee-Waiver Application

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing

---

(dismissed under § 1915).

   [2]Although plaintiff Mclean alleges she is a citizen of Boston, the Court notes that her mailing address is listed as a post office box in Lynn, Massachusetts.

Fee and Affidavit."

Plaintiff failed to fully answer questions two and three on the application to proceed without prepayment of fees. See Application, Docket No. 1. Question two on the form asks litigants if they are employed. See Question No. 2. Although plaintiff reveals the fact that she is not employed, she has failed to reveal the date of her last employment, the amount of her take-home salary or wages and pay period, and the name of her last employer. See Question No. 2(b).

Although plaintiff indicates in Question 3(d) that she receives disability benefits, she failed to answer Questions 3(a), 3(b), 3(c), 3(e) and 3(f). Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

If plaintiff submits the filing fee or a new application, she is also directed to demonstrate good cause why this action should not be dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

II.  Plaintiff's Complaint is Subject to Screening

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and

determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are subject to dismissal.

Even construing plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's action is subject to dismissal for the reasons stated below.

   III. Plaintiff Mclean Cannot Represent Anyone But Herself

It is clear from the complaint that Jacqueline Mclean is attempting to represent plaintiff William Sneed, who did not sign the complaint.  Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and

signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Although Title 28 U.S.C. § 1654[3] permits persons to proceed pro se, this provision does not allow unlicensed laypeople to represent anyone but themselves. Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Here, Jacqueline Mclean has not alleged she is a licensed attorney, and therefore, cannot represent anyone but herself. Moreover, if Ms. Mclean is in fact an attorney, it is also not clear whether she is admitted to practice in this Court. If she is not admitted to practice in this Court, she cannot represent another party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); District of Massachusetts Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").

The Clerk will be directed to correct the case caption of the complaint to list Jacqueline Mclean as the sole plaintiff in

---

[3] Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

this action.

 IV.  Plaintiff's Complaint is Subject to Dismissal

In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

The Court notes that there does not appear to be a basis for Section 1331 federal question jurisdiction.[4]  To the extent plaintiff brings this action pursuant to 28 U.S.C. § 1332, this Court lacks diversity jurisdiction over her claims.  District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, it is unclear whether defendant Mekonnen is a citizen of Massachusetts.  Even assuming defendant Mekonnen is a citizen of another state, plaintiff has not alleged an amount in controversy in excess of $75,000.  Thus, the facts do not support this Court's diversity jurisdiction.  Accordingly, plaintiff's complaint is subject to

---

[4]Section 1331 of title 28 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

dismissal for lack of subject matter jurisdiction.

    V.    Plaintiff Shall Demonstrate Good Cause
           Why She Should Not Be Enjoined From Filing

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).

Because it appears that Ms. Mclean has brought several previous actions in this Court under the name Jacqueline M. Brewington, see supra note 1, the Court believes she already has been warned that the district court possesses this power. See Brewington v. Francois, et al., C.A. 05-10920-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Coleman, C.A. 05-10919-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005). Although it is unclear why plaintiff now chooses to file the instant action under the name Jacqueline Mclean, plaintiff may be seeking to circumvent the prior warning already issued in previous cases.

Plaintiff's repeated filing of factually and legally deficient complaints are a burden on this Court's time and resources. Plaintiff's behavior is an abuse of the processes of this Court for the administration of justice and appears to warrant the issuance of an order to the Clerk of this Court that the Clerk not file documents presented to the Clerk by plaintiff absent leave by a judge of this Court. See Castro v. United

States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same) Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

## ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff Mclean's Application to Proceed Without Prepayment of Fees is denied without prejudice; and it is further

ORDERED, the clerk shall correct the case caption to list plaintiff Mclean as the sole plaintiff in this action; and it is further

ORDERED, if plaintiff Mclean wishes to proceed with this action, she shall, within thirty-five days of the date of this Order, (1) file a new Application and (2) demonstrate good cause (a) why this action should not be dismissed for the reasons stated above; and (b) why she should not be enjoined from filing new actions absent leave of Court.

The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

Dated at Boston, Massachusetts, this _18th day of July, 2005.

```
                         /s/ William G. Young
                         WILLIAM G. YOUNG
                         UNITED STATES CHIEF DISTRICT JUDGE
```