```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

JACQUELINE MCLEAN,              )
         Plaintiff,             )
                                )
         v.                     )    C.A. No. 05-11345-WGY
                                )
MICHAEL MEKONNEN,               )
         Defendant.             )
```

MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff's Application to Proceed Without Prepayment of Fees is denied and this action is dismissed without prejudice. It is Further Ordered that Plaintiff Jacqueline B. McLean, a.k.a. Jacqueline Brewington, be enjoined from filing further actions in this Court absent leave of Court.

BACKGROUND

On July 18, 2005, I denied without prejudice plaintiff Jacqueline B. McLean's Application to Proceed Without Prepayment of Fees ("Application"). At that time, she was granted additional time to file a new Application and to also demonstrate good cause why this action should not be dismissed. Because the Court's records indicated that Ms. Mclean previously filed several actions under the name Jacqueline M. Brewington, plaintiff was directed to demonstrate good cause why she should not be enjoined from filing new actions absent leave of Court. The July 18th Memorandum and Order informed Ms. McLean, among other things, that this Court cannot review plaintiff's claims because it does not have federal question or diversity subject-

matter jurisdiction.  The Memorandum and Order further stated that her repeated filing of factually and legally deficient complaints, filings primarily made under the name Jacqueline Brewington, have been a burden on this Court's time and resources, thus warranting the entry of an order enjoining her from further filings without prior leave of court.

## DISCUSSION

On August 17, 2005, plaintiff filed a new Application accompanied by a complaint signed by herself and William Sneed. The new complaint is not accompanied by an Application or filing fee payment from Mr. Sneed.  Moreover, it simply restates the facts as alleged in the original complaint.

Notably absent from plaintiff's filings is any response to the Court's directive that plaintiff demonstrate good cause why she should not be enjoined from further filings without leave of court.  In fact, one of the attachments accompanying plaintiff's new Application seems to indicate that plaintiff Jacqueline B. McLean is also "Jackie Brewington."  See 2001 Tenancy At Will Form, Additional Provisions.

To the extent plaintiff seeks to proceed without payment of the filing fee, plaintiff's new Application lacks sufficient information to allow this Court to determine whether plaintiff is indigent.  As in her earlier Application, plaintiff again fails to fully answer several questions on the Application.  Although

plaintiff reveals the fact that she is not employed, she has failed to reveal the date of her last employment, the amount of her take-home salary or wages and pay period, and the name of her last employer.  See Question No. 2(b).  Although plaintiff reveals that she receives $600.09 per month for her disability, she fails to specifically state the source of money and what she expects to continue to receive.  See Question No. 3.  Although plaintiff indicates she has cash or checking or savings account, rather than stating the total amount plaintiff simply states that she receives $600.09 per month for disability.  See Question No. 4.  Finally, plaintiff fails to state the value of the property she owns at 25 Bodwell Street in Dorchester.  Instead, she states that she is "fighting in Court for all her belongings."  See Question No. 5.  On this record, the Court cannot fairly determine whether plaintiff is indigent and therefore denies her Application to Proceed Without Prepayment of Fees.  Accordingly, the Clerk is directed to enter an order dismissing this action without prejudice.

Plaintiff failed to take the opportunity to demonstrate why an order should not enter enjoining her from further filings without leave of court.  In addition to the instant action, the Court's records indicate that plaintiff has brought the following actions in this Court: Brewington v. Green, et al., C.A. No. 05-10935-REK (dismissed under § 1915; notice of appeal filed Jul. 8,

2005); Brewington v. Shulman, et al., C.A. 05-10934-WGY (show cause order issued May 10, 2005), appeal docketed, No. 05-2007 (1st Cir. Jul. 7, 2005); Brewington v. Francois, et al., C.A. 05-10920-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Coleman, C.A. 05-10919-MEL (dismissed under § 1915; notice of appeal filed Jul. 8, 2005); Brewington v. Grotelueschen, et al., C.A. No. 04-10609-MEL (dismissed under § 1915); Brewington v. Coleman, et al., C.A. No. 04-10598-MEL (dismissed under § 1915).

The repeated filings by plaintiff of factually and legally deficient complaints is an abuse of the processes of this Court for the administration of justice. It is the cessation of this behavior that the court seeks to achieve through the imposition of a sanction and the most effective means of accomplishing this goal is to enjoin plaintiff from making any additional filings in this court without first obtaining leave of court. See Castro, 775 F.2d at 408 ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. U.S. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078-79 (1st Cir. 1980) (same).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. That plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 4) is denied without prejudice.

2. That this action is dismissed without prejudice.

3. That plaintiff Jacqueline McLean, a.k.a. Jacqueline Brewington, be precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts.

4. That if plaintiff Jacqueline McLean, a.k.a. Jacqueline Brewington, undertakes to file any additional papers in this Court, she shall file a written petition seeking leave of court to do so.  The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition.

5. That a copy of this Memorandum and Order shall be distributed to each District Judge's session.

6. That plaintiff Jacqueline McLean, a.k.a. Jacqueline Brewington, is advised that failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines.

SO ORDERED.

Dated at Boston, Massachusetts, this 14th day of October, 2005.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES CHIEF DISTRICT JUDGE